LUTHER E. HALL, Judge pro tern.
Plaintiff brought this petitory action against the defendant in possession seeking to be declared the owner of a certain five acre portion of ground in the city of New Orleans by virtue of a record title thereto. The defendant resisted the suit claiming ownership in himself by virtue of the acquisitive prescription of thirty years. LSA-C.C. art. 3499 et seq. Judgment was rendered in the District Court in plaintiff’s favor and the defendant appealed.
It is conceded that plaintiff has a good record title to the property. The defendant has no record title whatsoever, and his claim to the property must stand or fall on the contention that he has been in continuous, uninterrupted, public and unequivocal possession of the property as owner for a period of at least thirty years.
The question presented by this appeal is primarily one of fact and concerns not so much the nature and incidents of defendant’s alleged possession but whether such possession has been continuous and uninterrupted for the required length of time.,
The property in question forms a portion of what is sometimes referred to as- the New Orleans Lakeshore Land Company tract lying between Haynes Boulevard and Morrison Road in the city of New Orleans.
The defendant testified that his father took possession of the property when he, the defendant, was six or seven years old; that he was 49 years old at the time of the trial below; that he lived on the property with his father continuously from early boyhood until 1942 when he was inducted into the Armed Forces; that his father continued to live on the property during the time defendant was in the Service, and that his father died there about a month before he was mustered out; that he was mustered out of the Armed Forces in 1945 and immediately returned to the property where he lived continuously up to the date of the' trial.
The defendant further testified that when he first moved on the property as a boy, he and his father lived in a tent and that later his father erected a shack on the property for their living quarters; that he and his father fenced and cultivated the property, and raised cattle and hogs thereon; that the five acres in question here and on which they resided and built and maintained other structures formed a portion of a forty-five acre tract which they had entirely under fence.
Two other witnesses produced by defendant viz. George Brennan and Otoma A. Toro corroborated' defendant’s testimony. They testified that the defendant’s father had occupied the property in controversy as owner from about the year 1922 continuously through the date of his death in 1945; that he lived in a small shack on the property, cultivated the land and raised cattle and hogs. They testified that the property was enclosed with a barbed wire fence.
Plaintiff produced two witnesses in its behalf, Mr. Murphy P. Martin and Mr. *266 Oscar W. Bethea. Mr. Martin testified that he knew Louis Boe, the defendant’s father; that Louis Boe was a blacksmith and that in the year 1932 or 1933 Louis Boe was living over his blacksmith shop which was located right at the end of the New Orleans Airport on Tarpon Street; that Louis Boe then moved in the vicinity of the property in question but did not move on to the property which his son, the defendant, now claims.
Mr. Oscar W. Bethea testified as an expert in photogrammetry which is the science of making maps from aerial photographs. Mr. Bethea has been an employee of the United States Corps of Engineers since 1929 and has worked in the field of photo-grammetry since that time. He was trained at the Massachusetts Institute of Technology, was a commissioned officer in the Corps of Engineers during World War II and was an instructor for the United States Army in this field. He is presently Assistant to the Chief of the Service Branch of the Engineering Division, U. S. Corps of Engineers at New Orleans. Mr. Bethea produced and testified from certified copies of three separate sets of aerial photographs taken from the files of the United States Engineers. These photographs were taken in 1933, 1945 and 1955 respectively and cover an area which includes the disputed tract.
Mr. Bethea first located the five acres in question and marked off the tract on .each set of photographs by drawing a red line around it. He then testified from the 1955 photographs to the effect that a number of structures and other improvements were evident on the tract. He testified next as to the 1945 photographs, and although structures were still evident there were considerably fewer structures on the photographs taken in 1945 than there were on the 1955 photographs. Finally, Mr. Bethea testified that the photographs taken in 1933 show absolutely no sign of improvement, no fence lines, no structures and no buildings. He further testified that there was nothing on the five acres in 1933, as shown by the photographs, except second growth vegetation, indicating that at one time the land was cultivated but had been abandoned, and was growing back in second growth; that the second growth brush was not sufficiently high at that time to hide any structure that might have been on the property.
We have inspected these photographs and they support Mr. Bethea’s testimony to the effect that the land in question was not occupied in September of 1933.
This suit was filed in March 1958 and in order for defendant to prevail his possession had to begin not later than March, 1928. From the testimony of Mr. Bethea and the aerial photographs the conclusion is inescapable that neither the defendant nor his father had possession in 1933. If they had possession prior to that time it has been interrupted. See LSA-C.C. arts. 3501, 3502.
Defendant’s objection to the introduction of the aerial photographs was properly overruled by the trial court. See LSA-R.S. 13:3713; Sinagra v. Illinois Cent. R. Co., 220 La. 205, 56 So.2d 233.
There is no necessity for us to discuss the question of defendant’s right vel non to tack his possession to that of his father since in our view their possessions added together do not cover a period in excess of twenty-five years.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.